**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAWN KINSELLA** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **FILED: MAY 08, 2008** |
| vs | ) | No: |
| | ) | 08CV2666      AEE |
| **AMERICAN AIRLINES, INC.** | ) | Judge: JUDGE KOCORAS |
| | ) | MAGISTRATE JUDGE COLE |
| **Defendant.** | ) | **Trial by Jury Demanded** |

## COMPLAINT AT LAW

### JURISDICTION AND VENUE

1.      This is a claim for relief under the Family Medical Leave Act (FMLA) 29

U.S.C. Sec 2601 et. seq.  Federal Question Jurisdiction is invoked under 28 U.S.C. Sec.

1343 (4).

2.      Venue and personal jurisdiction are proper in the Northern District of

Illinois.  The Defendant has a major facility at O'Hare Airport, City of Chicago, Illinois,

along with legal counsel and responsible company officials.  The Defendant, and this

Plaintiff can be found in this District.

3.      The conduct complained of occurred within this Judicial District.

Defendant is an employer within the meaning of the FMLA.

### PARTIES

4.      Plaintiff, Dawn Kinsella is and was on May 11, 2006 and at all pertinent

times, a resident of the Town of Sleepy Hollow, State of Illinois.

5.      Defendant, American Airlines is a Delaware Corporation, it is a resident and citizen of the State of Texas, and its principle place of business is Dallas/Ft. Worth Texas, with a presence in the State of Illinois, City of Chicago, at O'Hare Airport.

6.      Defendant American Airlines is a Corporation operating as a commercial airline, engaged in the transportation of passengers and freight throughout the United States of America and certain foreign countries.

## OPERATIVE FACTS

7.      Plaintiff, Dawn Kinsella was employed by Defendant American Airlines as an Airport Agent based at O'Hare Airport in Chicago, Illinois and remained in that position until she was terminated by Defendant on May 11, 2006.

8.      From the date Plaintiff began her employment with Defendant to the date of her termination may 11, 2006, Plaintiff preformed her duties for Defendant in a proficient and skilled manner.

9.      Prior to May 11, 2008, Plaintiff was evaluated on a regular basis by her employer, her supervisors and management personnel, and received satisfactory evaluations during her employment with Defendant AA.

10.     At the time of her termination from Defendant American Airlines, Plaintiff had been granted Intermittent FMLA Leave, pursuant to Section 2612 of the FMLA, and therefore was an eligible employee entitled to a total of 12 workweeks of leave during any 12 month period.

11.     At the time of her termination from Defendant American Airlines, Plaintiff had not yet exhausted her entitlement of a total of 12 workweeks of leave during the previous 12 month period.

12.     In spite of the fact that Plaintiff had been granted Intermittent FMLA Leave at the time of her termination, Defendant American Airlines terminated Plaintiff's employment on May 11, 2006, when she exercised her rights under the FMLA, contrary to and in violation of Section 2615 of the Act.

13.     Plaintiff's termination was intentionally done, with a deliberate and reckless disregard for the Plaintiff's rights under the FMLA.

14.     As a proximate result of this termination, Plaintiff Dawn Kinsella has suffered past and future pecuniary losses in the form of wages, health benefits, retirement benefits and travel benefits.  In addition, the loss of enjoyment of life, emotional pain, suffering and anguish, inconvenience, humiliation and loss of self respect.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dawn Kinsella asks the Court:

A.     To enter judgment, upon the verdict of a jury, in her favor and against Defendant American Airlines, in the maximum amount by statute, for all damages allowed, including all compensatory damages;

B.     For placement in her position with Defendant American Airlines, as of May 11, 2006, with all back pay and interest, plus equitable relief as may be appropriate to effectuate the purposes by the Act;

C.     For attorney fees and costs of this suit, including expert witness fees, pursuant to 29 U.S.C. Sec. 2617 (a)(3).

Respectfully submitted,

Dawn Kinsella

BY:    /s/ James T. Foley

James T. Foley
Foley Law Group, LLC.
580 Oakmont Lane
Westmont, Illinois 60559
(630) 908-3508
(630) 908-3509
jfoley@foleylawgroup.com